UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOEL S. ELLIOTT,<br><br>      Petitioner,<br> v.<br><br>S. SALMONSON, WARDEN, FCI HERLONG,<br><br>      Respondent. | Case No. 3:24-cv-00166-ART-CLB<br><br>ORDER |

  *Pro se* Petitioner Joel S. Elliott has submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1-1.) However, Elliott has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. Alternatively, the Court may authorize an indigent inmate to begin a habeas action without paying the $5.00 fee if he or she submits an IFP application on the approved form and includes three documents: (a) the inmate's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the inmate and an authorized prison official, and (c) a copy of the inmate's account statement for the six-month period prior to filing. *See* 28 U.S.C. § 1915(a), LSR 1-1, LSR 1-2.

  As a general matter, the Court provides habeas petitioners the opportunity perfect their defective filing by giving them time to either pay the $5.00 filing fee or submit a complete IFP application with all required documentation. The Court notes, however, that Elliott is incarcerated in the Federal Correction Institution, Herlong, which is located in the Eastern District of California. A habeas action under Section 2241 "must be heard in the custodial court" in which a prisoner is located. *Hernandez v. Campbell*, 204

F.3d 861, 865 (9th Cir. 2000). The relevant location is where a person is incarcerated "on the initial filing for habeas corpus relief." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005). Thus, aside from the matter of the filing fee, this Court lacks jurisdiction to hear this matter.

When a habeas action under Section 2241 is filed in the wrong district, a court "shall transfer the action to any other such court in which the action could have been brought if it is in the interest of justice." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quotation omitted, citing 28 U.S.C. § 1631). Transfer is not "in the interest of justice" in this instance. First, Elliot has yet to yet to properly commence his habeas case in this district because he has not paid the filing fee or filed an IFP application. Second, according to Elliott's petition, he is incarcerated as a result of conviction in the District of Wyoming, with no indication that he served any part of his prison term in Nevada. *See* ECF No. 1-1. Thus, this is not a case in which there is reasonable confusion about the proper forum for review. *See Miller*, 905 F.2d at 262. (citing *In re McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987)).

It is therefore ordered that this action is dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

DATED THIS 18th day of April 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE